UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~

EDDIE JAMES LEE, SR.,
                        Plaintiff,

      vs.                                       7:05-CV-1333

SUNY UPSTATE MEDICAL UNIVERSITY;
BEN MOORE III, Executive Director; DR. WHITE,
Doctor of Surgery; MICHAEL COSTANZA, Vascular
Surgery; and JANE DOE, Assistant to Dr. White,

                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

EDDIE JAMES LEE, SR.
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

      By Decision and Order of Dismissal of this Court filed December 21, 2005, this Court ruled that the original pleading filed by *pro se* plaintiff Eddie James Lee, Sr. failed to state a claim against the named defendants upon which relief could be granted pursuant to 42 U.S.C. § 1983. Dkt. No. 3 at 4-5. In light of his *pro se* status, plaintiff was afforded an opportunity to file an amended complaint. *Id*. at 4-5. Plaintiff was also directed to comply with the filing fee requirements if he wished to avoid dismissal of this action. *Id*. at 5.

      Plaintiff's amended complaint is presently before this Court for consideration. Dkt. No. 4. Plaintiff has also filed a signed inmate authorization form. Dkt. No. 5.

In its prior Decision and Order, the Court determined that plaintiff's claims of medical malpractice by the defendants during plaintiff's hospitalization at SUNY Upstate Medical Hospital were not sufficient to state a claim for the violation of his Eighth Amendment rights. Dkt. No. 3 at 3-4.

Upon review of plaintiffs' amended complaint, the Court finds that plaintiff has failed to cure the deficiencies discussed by the Court in its prior Decision and Order. As in his the original pleading, plaintiff alleges in his amended complaint that an unidentified nurse incorrectly connected the "wound-vascular machine," and that, as a result, one of his toes was deformed. Dkt. No 4 at 1-2.[1] As to the three named defendants, plaintiff alleges only that they had supervisory responsibility for the nurse. Plaintiff does not claim that these individuals had any personal involvement in the incident with the "wound-vascular machine."

As discussed in the Court's prior Decision and Order, a plaintiff seeking to establish an Eighth Amendment claim arising out of inadequate medical care must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" Ross v. Kelly, 784 F.Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992) (quoting Estelle, 429 U.S. at 102, 105-06). The personal involvement of a defendant is a prerequisite for the assessment of damages in a §1983 action, McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); the doctrine of *respondeat*

---

[1] According to plaintiff, this error caused the machine to "pump the infection back into" plaintiff's foot. Id. at 2.

*superior* is inapplicable to §1983 claims. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

Read in a light most favorable to plaintiff, the Court finds that the claims asserted in the amended complaint are not sufficient to state a claim against the defendants for deliberate indifference to his serious medical needs. Accordingly, this action is dismissed due to plaintiff's failure to file an amended complaint which states a claim upon which relief may be granted by this Court.

In light of the dismissal of this action, plaintiff's *in forma pauperis* application is denied as moot.

WHEREFORE, it is hereby

ORDERED, this action is dismissed, and it is further

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: June 16, 2006
       Utica, New York.

United States District Judge